**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| MAYTAG CORPORATION, et al.,  )<br>                                                                )<br>                    Plaintiffs,             )<br>         v.                                              )<br>                                                                )<br>INTERNATIONAL UNION, UNITED  )<br>AUTOMOBILE, AEROSPACE, AND  )<br>AGRICULTURAL IMPLEMENT        )<br>WORKERS OF AMERICA, et al.,     )<br>                                                                )<br>                    Defendants.           )<br>_____  ) | Civil Action No.<br>4:08-cv-00291-JEG-RAW<br><br>**DEFENDANTS' RULE 52(c)
MOTION FOR JUDGMENT
ON PARTIAL FINDINGS** |

Now come the Defendants, by counsel, and, pursuant to Rule 52(c) of the Federal Rules of Civil Procedure, respectfully move the Court to enter judgment for Defendants and against Plaintiffs.  In support of this motion, Defendants would show the Court as follows:

1.      Plaintiffs have concluded their case and have been fully heard on the issues of whether there is a case or controversy sufficient to invoke the jurisdiction of this Court and whether, in their collectively bargained Supplemental Insurance Agreements, Maytag and the UAW agreed that employees retired with vested rights to health insurance benefits extending throughout their lives that cannot be unilaterally terminated or reduced by Maytag or its successors.

2.      The evidence presented by Plaintiffs conclusively establishes that at the time Plaintiffs filed this action in late July, 2008, there was no case or controversy.  The evidence establishes that there was no dispute whatsoever between Plaintiffs and individual retirees because there is no evidence that the communications between Whirlpool and UAW negotiators

1

were communicated to the retirees.  Thus, the retirees were entirely unaware of the Plaintiffs' position with respect to what the retiree insurance benefits would be after the 2004 – 2008 Insurance Agreement expired.

3. The evidence also establishes that at the time Plaintiffs filed this action, there was no case or controversy between Plaintiffs and the UAW concerning the level of retiree insurance benefits or the duration of those benefits because Plaintiffs had not even made a specific proposal concerning retiree insurance benefits.  When Whirlpool negotiators raised the issue of retiree insurance, UAW negotiators responded that because retiree insurance is a permissive subject of bargaining, the UAW was declining to negotiate on the subject.  At the time, the only identifiable difference of opinion between Whirlpool and the UAW over retiree insurance was whether the parties should bargain over that subject.  Whether bargaining was required is a subject that falls within the exclusive jurisdiction of the National Labor Relations Board and is not a case or controversy sufficient to invoke this Court's jurisdiction.

4. Defendants are also entitled to judgment on partial findings because the evidence presented in Plaintiffs' case establishes that Maytag and the UAW agreed that pre-January 2008 retirees have lifetime health insurance benefits that vested at the time of their retirement.  Successive collectively bargained Supplemental Insurance Agreements since the 1960s have provided that upon retirement, an employee's insurance is extended "during his life."  Maytag's attempt in 1983 to restrict retiree insurance to the term of a particular collective bargaining agreement was rejected by the UAW.  Thereafter, Maytag's attempts to change retiree insurance benefits were limited to attempts to change the insurance benefits of future retirees before those benefits vested at the time of retirement.

5.      In addition, in 1992, Maytag and the UAW added language to the Supplemental Insurance Agreement that provided that employees became eligible for lifetime health insurance benefits in accordance with the same vesting schedule that governed when they became eligible for their vested pension benefits.  In 2004, when the Supplemental Insurance Agreement expired and the UAW went on strike, Maytag continued to provide health insurance benefits to retirees because those benefits were vested and therefore survived the expiration of the Supplemental Insurance Agreement.

6.      The Summary Plan Descriptions issued by Maytag between 1973 and 1992 under the title Beyond Your Paycheck had no impact on the retirees' right to vested lifetime insurance benefits because those documents were never distributed to retirees and therefore could not have affected their rights.  Moreover, the language in the Beyond Your Paycheck documents expressly provided that information relating to the insurance plan was to be found in the Supplemental Insurance Agreements, that the description of the benefit plans in Beyond Your Paycheck "is not a part of such plans and does not change or modify their terms.  An employee's eligibility and benefits are to be determined solely by reference to the printed plans…"  The evidence establishes that no summary plan descriptions were issued between 1992 and 2006.  By 2006, the final language at issue in this case had already been negotiated and agreed upon, and any attempt by Plaintiffs to divest previously vested benefits through the promulgation of the 2006 Summary Plan Description was unavailing.

7.      Plaintiffs' contention that the benefits were not vested because those benefits changed over time is without merit.  Both the medical and drug plans provided to retirees were improved between 1967 when benefits were first extended to retirees and 2004.  During that

time, the improved benefits negotiated for active employees were extended to the retirees. When it appeared that the benefits for active employees were going to be materially reduced, the contractual provision establishing the same level of benefits for active employees and retirees was eliminated, and the retirees' level of benefits was maintained at the higher level of benefits in effect prior to January, 2005.  The changes in the co-pays for the drug plan in 2004 and before did not reduce the value of the overall plan which consistently offered an increased number of drugs over time, particularly because the increase in co-pay was offset by the eighty (80) percent reimbursement that retirees were able to maintain under the major medical provision of their medical plan.

      8.      As the evidence at the close of Plaintiffs' case establishes that there was no case or controversy at the time Plaintiffs filed their suit in July, 2008 and/or that the right of retiring employees to lifetime insurance benefits vested at the time they retired, Defendants are entitled to the entry of judgment on partial findings.

      WHEREFORE, Defendants respectfully request that this motion be granted and that the Court enter judgment in their favor either dismissing    Plaintiffs' action because there was no case or controversy at the time Plaintiffs filed their action, or declaring that Plaintiffs were not entitled to unilaterally change the benefits of retirees who retired on or before January 1, 2008 (and their dependents) because the retirees had vested, lifetime benefits that cannot be changed without the consent of the retirees.

                               Respectfully submitted,

                                 s/Robert A. Seltzer

Robert A. Seltzer
CORNFIELD AND FELDMAN
25 East Washington Street
Suite 1400
Chicago, Illinois 60602-1803
Telephone: 312-236-7800
FAX: 312-236-6686
Email: rseltzer@cornfieldandfeldman.com

Barry A. Macey
MACEY SWANSON AND ALLMAN
445 N. Pennsylvania Street
Suite 401
Indianapolis, Indiana 46204
Telephone: 317-637-2345
FAX: 317-637-2369
Email: bmacey@maceylaw.com

Mark T. Hedberg
HEDBERG LAW FIRM, P.C.
100 Court Avenue, Suite 425
Des Moines, Iowa 50309
Telephone: 515-288-4148
FAX: 515-288-4149
Email: mthedberg@uswest.net

***Attorneys for Defendants International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America and United Automobile Workers, Local 997***

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on December 14, 2010, he served the foregoing document by personal service on the following counsel:

> **Douglas A. Darch**
> **Miriam Geraghty**
> **Meagan C. LeGear**
> BAKER & MCKENZIE LLP
> One Prudential Plaza
> 130 E. Randolph Drive, Suite 3500
> Chicago, IL 60601

The undersigned attorney hereby certifies that on December 14, 2010, he caused the foregoing document to be filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

> **Becky S. Knutson**
> **Gene R La Suer**
> **Deborah M. Tharnish**
> DAVIS, BROWN, KOEHN, SHORS & ROBERTS, P.C.
> 215 10th Street
> Suite 1300
> Des Moines, IA 50309
> beckyknutson@davisbrownlaw.com
> genelasuer@davisbrownlaw.com
> deborahtharnish@davisbrownlaw.com
>
> **Douglas A. Darch**
> **Miriam Geraghty**
> **Joseph W. LaFramboise**
> **Meagan C. LeGear**
> **Karen Sewell**
> BAKER & MCKENZIE LLP
> One Prudential Plaza
> 130 E. Randolph Drive, Suite 3500
> Chicago, IL 60601
> Douglas.Darch@bakermckenzie.com
> Miriam.Geraghty@bakermckenzie.com
> Joseph.LaFramboise@bakermckenzie.com
> Meagan.LeGear@bakermckenzie.com
> Karen.Sewell@bakermckenzie.com

s/Robert A. Seltzer
Robert A. Seltzer