IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MAYTAG CORPORATION, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action No. 08-CV-00291 |
| v. | ) |
| | ) |
| INTERNATIONAL UNION, UNITED | ) |
| AUTOMOBILE, WORKERS | ) |
| OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' BILL OF COSTS**

NOW COME Plaintiffs, Maytag Corporation and Whirlpool Corporation (herein referred to collectively as the "Company" or the "Plaintiffs"), through their counsel, submit the following in support of their Bill Of Costs pursuant to Federal Rule of Civil Procedure ("FRCP") 54(d)(1), 28 U.S.C. §1920, and Local Rule 54:

1. On July 21, 2011, the Court issued an Order denying Defendants' Motion for Judgment or Partial Finding and directing the Clerk to enter a judgment in favor of Plaintiffs. The Court also directed the parties to file briefs on the issue of costs and attorneys' fees within fourteen (14) days of the entry of the Order.

2. On July 25, 2011, the Clerk entered judgment in favor of Plaintiffs.

3. On July 31, 2011, the Court issued an Order clarifying that the calculation of the fourteen (14) days for the parties to file their respective briefs on the issue of costs and attorneys' fees began on July 22, 2011.

4. On August 5, 2011, the parties filed a Joint Statement with the Court stating that neither party is seeking attorneys' fees in this matter. As a result, the parties have agreed not to

file a brief on the issue of attorneys' fees. The parties further stated that Plaintiffs would separately be filing a brief on the issue of costs and a Bill of Costs.

5. FRCP 54(d)(1) states" "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." *See Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002) ("strong presumption" prevailing party should recover its costs).

6. 28 U.S.C. §1920 states:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

7. The costs of the transcripts of the depositions and transcripts of the trial were necessary for the preparation of trial and the filing of a post-trial brief. The following individuals were deposed and testified at trial as indicated:

<u>Group A</u>: Ron McInroy, James Reed, and Mark Hoffert. All three individuals testified regarding the existence of a case and controversy during the 2008 negotiations and the effect of terminating the 2004 – 2008 collective bargaining agreement.

<u>Group B</u>: Dennis Williams, Dennis Walker, and Patrick Teed. All three testified regarding the 2004 negotiations and the collective bargaining process as practiced by Maytag and UAW.

<u>Group C</u>: Max Tipton, Lonnie White, Larry Shaver, Ted Johnson, Richard Avery, and Robert Alpert. All six testified regarding collective bargaining and prior changes to health insurance benefits.

<u>Group D</u>: Adam Miller, Steven Haas, Larry Cose. (None testified at trial). Miller and Haas were UAW officials who were involved in collective bargaining. They supplied information about documents, UAW files, and changes in health benefits. Larry Cose (a third-party witness) was employed by Blue Cross Blue Shield and served as a liaison with the UAW. Cose identified documents and explained the administration of the various health plans. The deposition testimony of Cose, Miller, and Haas were all cited in Plaintiffs' Motion for Summary Judgment.

8. The cost of producing copies of document in electronic form was reasonable and necessary given the large number of documents and the efficiency realized by electronic searched of them once produced. Additionally, given the large number of exhibits and the size of those exhibits used during depositions and trial, the copying expenses were reasonably necessary.

9. Because Plaintiffs are the prevailing party in this matter, Plaintiffs are entitled to costs. *See Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002).

10.     Pursuant to Local Rule 54, attached as Exhibit A is Plaintiffs' Form A.O. 133 "Bill of Costs," with attachments.

WHEREFORE, Plaintiffs, Maytag Corporation and Whirlpool Corporation, respectfully requests an Order from this Court directing the Defendants to pay their costs in the amount of $60,012.67 as set out in Exhibit A.

Respectfully submitted,

  /s/ Douglas A. Darch
Douglas Darch
Miriam Geraghty
Meagan LeGear
Baker & McKenzie LLP
130 E. Randolph Drive
Chicago, IL 60601
Telephone: (312) 861-8933
Facsimile: (312) 698-2965
E-mail: douglas.darch@bakernet.com


Gene R. La Suer
Deborah Tharnish
Davis, Brown, Koehn, Shors & Roberts, P.C.
The Davis Brown Tower
Des Moines, Iowa 50309-3993
E-mail: GeneLaSuer@davisbrownlaw.com

## CERTIFICATE OF SERVICE

      The undersigned attorney hereby certifies that on August 5, 2011, he caused the foregoing to be filed.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties below not indicated on the electronic filing receipt will be served via electronic mail or U.S. Mail.  Parties may access this filing through the Court's filing system.

| | |
|---|---|
| Mark T. Hedberg<br>HEDBERG & BOULTON P.C.<br>100 Court Avenue, Suite 425<br>DES MOINES, IA  50309<br>515 288 4148<br>515 288 4149 (fax)<br>mthedberg@uswest.net | Robert A. Seltzer<br>CORNFIELD AND FELDMAN<br>25 E. Washington Street<br>Suite 1400<br>Chicago, IL  60602-1803<br>312 236 7800<br>312 236 6686 (fax)<br>rseltzer@cornfieldandfeldman.com |
| Barry A. Macey<br>Macey Swanson and Allman<br>445 N. Pennsylvania Street,<br>Suite 401<br>Indianapolis, Indiana  46204<br>(317) 637-2345<br>bmacey@maceylaw.com | |

                                                  /s/ Douglas A. Darch
                                                    Douglas A. Darch