**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| MAYTAG CORPORATION, et al.,  )<br>  )<br>        Plaintiffs,  )<br>    v.  )<br>  )<br>  )<br>INTERNATIONAL UNION, UNITED  )<br>AUTOMOBILE, AEROSPACE, AND  )<br>AGRICULTURAL IMPLEMENT WORKERS OF  )<br>AMERICA, et al.,  )<br>  )<br>        Defendants.  )<br>  ) | Civil Action No.<br>4:08-cv-00291-JEG-RAW<br><br>**UAW and UAW LOCAL 997'S<br>RESISTANCE TO PLAINTIFFS'<br>BILL OF COSTS** |

Pursuant to LR 54.a.1.C and the Court's order of August 5, 2011, Defendants International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America and UAW Local 997 (collectively, "Defendants") hereby submit their objections to Plaintiffs Maytag Corporation and Whirlpool Corporation's (collectively, "Plaintiffs") Bill of Costs.

Defendants' objections are listed in the chart below next to each cost item claimed by Plaintiffs. If Defendants do not object to an item, it is so stated.

| Description | Date | Amount Claimed by Plaintiffs | Defendants' Objections |
|---|---|---|---|
| **1. Fees of the Clerk** | | | |

| Admission Fee, Certificate of Good Standing (D. Darch) | 8/27/08 | $190.00 | Attorney admission fees for general admission to this court (as opposed to *pro hac vice* fees) are not specific to this case, are an expense of counsel, and are not recoverable taxable costs; in addition, the fees are not recoverable as taxable costs because they appear to be for Mark Casciari, who early in this case withdrew as an attorney for Plaintiffs, not Doug Darch. |
|---|---|---|---|
| Admission Fee for D. Darch for the 8th Circuit | 7/12/10 | $190.00 | Attorney admission fees for general admission to the Eight Circuit (as opposed to *pro hac vice* fees) are not specific to this case, are an expense of counsel, and are not recoverable taxable costs. |
| Copies of certified Court documents from the Eastern District of Michigan | 10/05/10 | $285.50 | Fees for copies of certified court documents from the Eastern District of Michigan are not recoverable taxable costs. |
| Retrieve files from US District Court for the Western District of Michigan | 4/23/10 | $180.00 | Fees for copies of certified court documents from the Western District of Michigan are not recoverable taxable costs. |
| **Total:** | | **$845.50** | **Amount Objected To: $845.50** |
| **2. Fees for service of summons and subpoena** | | | |
| Service Invoice (Avery) | 11/6/09 | $85.00 | Service was not by the U.S. Marshalls Service.  The Eighth Circuit does not allow recovery of costs incurred as the result of the employment of special process servers, other than the U.S. Marshals Service. *Crues v. KFC Corp.*, 758 F.2d 230, 234 (8th Cir. 1985); *Marez v. Saint-Gobain Containers, Inc.*, No. 4:09CV999MLM, 2011 WL 1930706, at *15 (E.D. Mo. May 18, 2011); *American Family Mut. Ins. Co. v. Miell*, 569 F.Supp. 2nd 841, 860 (N.D. Iowa 2008). |

| | | | |
|---|---|---|---|
| Service Invoice (Tipton/Teed) | 11/4/09 | $140.00 | Service was not by the U.S. Marshalls Service.  The Eighth Circuit does not allow recovery of costs incurred as the result of the employment of special process servers, other than the U.S. Marshals Service. *Crues v. KFC Corp.*, 758 F.2d 230, 234 (8th Cir. 1985); *Marez v. Saint-Gobain Containers, Inc.*, No. 4:09CV999MLM, 2011 WL 1930706, at *15 (E.D. Mo. May 18, 2011); *American Family Mut. Ins. Co. v. Miell*, 569 F.Supp. 2nd 841, 860 (N.D. Iowa 2008). |
| Service Invoice (Wellmark) | 11/18/09 | $35.00 | Service was not by the U.S. Marshalls Service.  The Eighth Circuit does not allow recovery of costs incurred as the result of the employment of special process servers, other than the U.S. Marshals Service. *Crues v. KFC Corp.*, 758 F.2d 230, 234 (8th Cir. 1985); *Marez v. Saint-Gobain Containers, Inc.*, No. 4:09CV999MLM, 2011 WL 1930706, at *15 (E.D. Mo. May 18, 2011); *American Family Mut. Ins. Co. v. Miell*, 569 F.Supp. 2nd 841, 860 (N.D. Iowa 2008). |
| Jasper County Sheriff (White) | 11/20/09 | $29.30 | Service was not by the U.S. Marshalls Service.  The Eighth Circuit does not allow recovery of costs incurred as the result of the employment of special process servers, other than the U.S. Marshals Service. *Crues v. KFC Corp.*, 758 F.2d 230, 234 (8th Cir. 1985); *Marez v. Saint-Gobain Containers, Inc.*, No. 4:09CV999MLM, 2011 WL 1930706, at *15 (E.D. Mo. May 18, 2011); *American Family Mut. Ins. Co. v. Miell*, 569 F.Supp. 2nd 841, 860 (N.D. Iowa 2008). |

| Service Invoice (Cose) | 12/15/09 | $35.00 | Service was not by the U.S. Marshalls Service.  The Eighth Circuit does not allow recovery of costs incurred as the result of the employment of special process servers, other than the U.S. Marshals Service. *Crues v. KFC Corp.*, 758 F.2d 230, 234 (8th Cir. 1985); *Marez v. Saint-Gobain Containers, Inc.*, No. 4:09CV999MLM, 2011 WL 1930706, at *15 (E.D. Mo. May 18, 2011); *American Family Mut. Ins. Co. v. Miell*, 569 F.Supp. 2nd 841, 860 (N.D. Iowa 2008). |
|---|---|---|---|
| Service Invoice (Teed) | 12/17/09 | $75.00 | Service was not by the U.S. Marshalls Service.  The Eighth Circuit does not allow recovery of costs incurred as the result of the employment of special process servers, other than the U.S. Marshals Service. *Crues v. KFC Corp.*, 758 F.2d 230, 234 (8th Cir. 1985); *Marez v. Saint-Gobain Containers, Inc.*, No. 4:09CV999MLM, 2011 WL 1930706, at *15 (E.D. Mo. May 18, 2011); *American Family Mut. Ins. Co. v. Miell*, 569 F.Supp. 2nd 841, 860 (N.D. Iowa 2008). |
| Jasper County Sheriff (Christy) | 12/31/09 | $37.60 | Service was not by the U.S. Marshalls Service.  The Eighth Circuit does not allow recovery of costs incurred as the result of the employment of special process servers, other than the U.S. Marshals Service. *Crues v. KFC Corp.*, 758 F.2d 230, 234 (8th Cir. 1985); *Marez v. Saint-Gobain Containers, Inc.*, No. 4:09CV999MLM, 2011 WL 1930706, at *15 (E.D. Mo. May 18, 2011); *American Family Mut. Ins. Co. v. Miell*, 569 F.Supp. 2nd 841, 860 (N.D. Iowa 2008). |
| U.S. Federal Process Service (Service of Complaint on UAW) | 7/30/08 | $75.00 | No objection. |

| | | | |
|---|---|---|---|
| Legal Support Services (multiple witnesses) | 11/30/10 | $776.00 | Service was not by the U.S. Marshalls Service.  The Eighth Circuit does not allow recovery of costs incurred as the result of the employment of special process servers, other than the U.S. Marshals Service. *Crues v. KFC Corp.*, 758 F.2d 230, 234 (8th Cir. 1985); *Marez v. Saint-Gobain Containers, Inc.*, No. 4:09CV999MLM, 2011 WL 1930706, at *15 (E.D. Mo. May 18, 2011); *American Family Mut. Ins. Co. v. Miell*, 569 F.Supp. 2nd 841, 860 (N.D. Iowa 2008). |
| Jasper County Sheriff (Service of Complaint on Shaver) | 8/4/08 | $34.68 | Service was not by the U.S. Marshalls Service.  The Eighth Circuit does not allow recovery of costs incurred as the result of the employment of special process servers, other than the U.S. Marshals Service. *Crues v. KFC Corp.*, 758 F.2d 230, 234 (8th Cir. 1985); *Marez v. Saint-Gobain Containers, Inc.*, No. 4:09CV999MLM, 2011 WL 1930706, at *15 (E.D. Mo. May 18, 2011); *American Family Mut. Ins. Co. v. Miell*, 569 F.Supp. 2nd 841, 860 (N.D. Iowa 2008); in addition, as Shaver never appeared as a defendant in this case, the fee for service of the complaint on him is not a recoverable taxable cost. |
| Service of Summons for Lyle Ettelson Jr. | 8/1/08 | $65.00 | Service was not by the U.S. Marshalls Service.  The Eighth Circuit does not allow recovery of costs incurred as the result of the employment of special process servers, other than the U.S. Marshals Service. *Crues v. KFC Corp.*, 758 F.2d 230, 234 (8th Cir. 1985); *Marez v. Saint-Gobain Containers, Inc.*, No. 4:09CV999MLM, 2011 WL 1930706, at *15 (E.D. Mo. May 18, 2011); *American Family Mut. Ins. Co. v. Miell*, 569 F.Supp. 2nd 841, 860 (N.D. Iowa 2008); in addition as, Ettelson never appeared as a defendant in this case, the fee for service of the complaint on him is not a recoverable taxable cost. |

| | | | |
|---|---|---|---|
| Service of Summons for Daniel Stock | 8/1/08 | $65.00 | Service was not by the U.S. Marshalls Service.  The Eighth Circuit does not allow recovery of costs incurred as the result of the employment of special process servers, other than the U.S. Marshals Service. *Crues v. KFC Corp.*, 758 F.2d 230, 234 (8th Cir. 1985); *Marez v. Saint-Gobain Containers, Inc.*, No. 4:09CV999MLM, 2011 WL 1930706, at *15 (E.D. Mo. May 18, 2011); *American Family Mut. Ins. Co. v. Miell*, 569 F.Supp. 2nd 841, 860 (N.D. Iowa 2008); in addition, as Stock never appeared as a defendant in this case, the fee for service of the complaint on him is not a recoverable taxable cost. |
| Service of Summons for Henry Vanderheiden Jr. | 8/1/08 | $70.00 | Service was not by the U.S. Marshalls Service.  The Eighth Circuit does not allow recovery of costs incurred as the result of the employment of special process servers, other than the U.S. Marshals Service. *Crues v. KFC Corp.*, 758 F.2d 230, 234 (8th Cir. 1985); *Marez v. Saint-Gobain Containers, Inc.*, No. 4:09CV999MLM, 2011 WL 1930706, at *15 (E.D. Mo. May 18, 2011); *American Family Mut. Ins. Co. v. Miell*, 569 F.Supp. 2nd 841, 860 (N.D. Iowa 2008). |
| **Total:** | | **$1,522.58** | **Amount Objected To: $1,447.58** |
| **3.  Fees for printed or electronically recorded transcripts necessarily obtained for use in the case** | | | |
| Esquire (Hoeffert/Reed) | 7/31/09 | $1,365.70 | No objection. |
| Esquire (Shaver) | 9/21/09 | $1,345.50 | No objection. |
| Esquire (Johnson) | 9/23/09 | $1,122.76 | No objection. |

| | | | |
|---|---|---|---|
| Esquire (Haas/Miller) | 11/05/09 | $1,172.61 | Deposition transcripts for Steven Haas and Adam Miller were not necessarily obtained for use in the case because neither Haas nor Miller testified at trial and their transcripts were not used at trial. |
| Esquire (Alpert) | 11/11/09 | $499.84 | No objection. |
| Esquire (Walker) | 11/25/09 | $1,360.04 | No objection. |
| Esquire (Christy) | 12/8/09 | $130.00 | Deposition transcript for Greg Christy was not necessarily obtained for use in the case because Christy did not testify at trial and his transcript was not used at trial. |
| Esquire (Teed) | 12/30/09 | $135.83 | No objection. |
| Esquire (Christy) | 12/30/09 | $546.22 | Deposition transcript for Greg Christy was not necessarily obtained for use in the case because Christy did not testify at trial and his transcript was not used at trial. |
| Esquire (Avery/White) | 1/11/10 | $1,392.34 | No objection. |
| Esquire (Tipton) | 1/15/10 | $1,745.38 | No objection. |
| Esquire (Teed) | 1/26/10 | $1,635.42 | No objection. |
| Esquire (Williams) | 12/31/10 | $47.60 | This transcript order is for a duplicate of the Esquire (Williams) transcript below dated 6/10/09; therefore, it is not a recoverable cost. |
| Esquire (Johnson) | 12/31/10 | $112.62 | This transcript order is for a duplicate of the Esquire (Johnson) transcript above dated 9/23/09; therefore, it is not a recoverable cost. |
| Esquire (Shaver) | 12/30/10 | $114.75 | This transcript order is for a duplicate of the Esquire (Shaver) transcript above dated 9/21/09; therefore, it is not a recoverable cost. |

| | | | |
|---|---|---|---|
| Court Transcript | 12/15/10 | $1,822.00 | This "realtime/rough draft of trial" transcript is either not a recoverable cost, or the final trial transcript dated 1/2/11 (listed immediately below) in the amount of $4,044.65 should be offset by the $1,822.00 cost of the rough draft. |
| Court Transcript | 1/2/11 | $4,044.65 | See Court Transcript dated 12/15/10. |
| Esquire (Cose) | 2/17/10 | $1,914.30 | Deposition transcript for Larry Cose was not necessarily obtained for use in the case because Cose did not testify at trial and his transcript was not used at trial. |
| Petersen Court Reporters (Teed) | 11/30/10 | $154.20 | This transcript order is for a duplicate of the Esquire (Teed) transcript above dated 1/26/10; therefore, it is not a recoverable cost. |
| Esquire (McInroy) | 5/24/09 | $1,159.85 | No objection. |
| Esquire | 5/24/09 | $857.29 | There is no deponent listed on the invoice, so it is impossible to tell what it is for; therefore, this item should be denied. |
| Esquire (Williams) | 6/10/09 | $610.31 | No objection. |
| Court Transcript | 1/5/08 | $250.75 | No objection. |
| Court Transcript | 5/27/10 | $271.60 | No objection. |
| **Total:** | | **$23,820.56** | **Amount Objected To: $6,871.59** |
| **4. Fees and disbursements for printing** | | | |
| None | | | Not applicable. |
| **5. Fees for witnesses** | | | |
| Ted Johnson Witness Fee | | $55.00 | No objection. |

| | | | |
|---|---|---|---|
| Mark Krivoruchka | | $1,283.50 | Plaintiffs claim $795.50 for airfare, $222.68 for lodging, $116.00 for transportation, and $149.42 for food.  Defendants do not object to the $116.00 for transportation.<br><br>Defendants object to the $222.68 for lodging and the $149.42 for food, because, under 29 U.S.C. § 1821 (d)(2), these amounts exceed the maximum per diem allowance prescribed by the General Services Administrator for official travel in the area of attendance by Federal government employees, which for Des Moines in December 2010, was $51.00 exclusive of taxes for lodging, and $76.50 for meals (based on $38.25 each day for first and last day of travel).  *See* http://www.gsa.gov/portal/category/21287. Therefore, the recoverable amount of Krivoruchka's lodging costs should be limited to $51.00 plus taxes of $22.68, for a total of $73.68, and the recoverable amount of his food costs should be limited to $76.50.<br><br>Defendants object to the $795.50 for Krivoruchka's airfare because it is not supported by receipts, as required by 28 U.S.C. § 1821(c)(1).  Plaintiffs have provided no receipt for Krivoruchka's travel from his home in Phoenix to Des Moines, and the receipt in the amount of $397.70 for his travel from Des Moines to Phoenix also includes his later round-trip travel from Phoenix to Houston.  (*See* Bill of Costs, Bates 5-002-010.)  Therefore, the recoverable amount of Krivoruchka's airfare should be limited to one-third of his receipt for $397.70: $132.50.<br><br>In total, Defendants object to $884.82 of this claim, and they do not object to $398.68 of this claim. |

| Larry Shaver | | $41.00 | No objection. |
|---|---|---|---|
| **Total:** | | **$1,379.50** | **Amount objected to: $884.82** |
| **6. Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case** | | | |
| Document Technologies, Inc. | 12/13/10 | $21.70 | These costs are not recoverable because Plaintiffs' documentation is too vague and fails to identify what was printed and/or copied, which makes it impossible to determine the purpose of the printing/copying and to evaluate whether these copies were necessarily obtained for use in the case.<br><br>In addition, To the extent these costs are for discovery-related copying, these costs are not recoverable because 28 U.S.C. § 1920 does not cover discovery-related copying costs. *Bruce's Wrecker Service, Inc. v. Automobile Club of Missouri*, No. 4:09CV556 FRB, 2011 WL 2938158, at *3 (E.D. Mo. July 19, 2011) (citing *Emmenger v. Bull Moose Tube Co.*, 33 F.Supp.2d 1127, 1133 (E.D. Mo. 1998); *Little Rock Cardiology Clinic PA v. Baptist Health*, 591 F.3d 591, 602 (8th Cir. 2009) (no abuse of discretion for refusal to tax discovery-related copying costs)). |
| 24 Seven Discovery | 12/3/10 | $96.37 | Same objection as above to Document Technologies, Inc., 12/13/10. |
| BlueStar | 12/31/10 | $16.80 | Same objection as above to Document Technologies, Inc., 12/13/10. |
| BlueStar | 12/29/10 | $1,390.78 | Same objection as above to Document Technologies, Inc., 12/13/10. |

| | | | |
|---|---|---|---|
| BlueStar | 12/13/10 | $27.54 | Same objection as above to Document Technologies, Inc., 12/13/10. |
| 24 Seven Discovery | 12/2/10 | $60.06 | Same objection as above to Document Technologies, Inc., 12/13/10. |
| 24 Seven Discovery | 12/3/10 | $140.12 | Same objection as above to Document Technologies, Inc., 12/13/10. |
| 24 Seven Discovery | 4/8/10 | $712.91 | Same objection as above to Document Technologies, Inc., 12/13/10. |
| Econoprint | 8/23/10 | $2,038.45 | This invoice appears to be for the cost of producing and sending the Notice to Class Members. Plaintiffs agreed to bear this expense. (Letter of July 6, 2010 from Douglas Darch to Judge Gritzner (Doc. 180, p. 1).) Therefore, this entire amount is not recoverable as a taxable cost. In addition, as the invoice shows, only $417.06 of this invoice is for copying; $1,536.86 is for mailing, which is not a recoverable taxable cost. |
| Ikon | 4/17/10 | $134.98 | Same objection as above to Document Technologies, Inc., 12/13/10. |
| Ikon | 3/24/10 | $156.34 | Same objection as above to Document Technologies, Inc., 12/13/10. |
| Econoprint | 8/30/10 | $161.64 | This invoice appears to be for the cost of producing and sending the Notice to Class Members. Plaintiffs agreed to bear this expense. (Letter of July 6, 2010 from Douglas Darch to Judge Gritzner (Doc. 180, p. 1).) Therefore, this entire amount is not recoverable as a taxable cost. In addition, as the invoice shows, only $96.56 of this invoice is for copying; $63.99 is for inserting sheets and postage, which are not recoverable taxable costs. |
| Document Technologies, Inc | 11/30/10 | $2,224.06 | Same objection as above to Document Technologies, Inc., 12/13/10. |
| Equivalent Data | 7/21/10 | $61.86 | Same objection as above to Document Technologies, Inc., 12/13/10. |

| | | | |
|---|---|---|---|
| C2 Legal | 6/11/09 | $356.14 | Same objection as above to Document Technologies, Inc., 12/13/10. |
| C2 Legal | 8/9/09 | $506.95 | Same objection as above to Document Technologies, Inc., 12/13/10. |
| Equivalent Data | 6/12/09 | $62.91 | Same objection as above to Document Technologies, Inc., 12/13/10. |
| Equivalent Data | 6/8/09 | $79.55 | Same objection as above to Document Technologies, Inc., 12/13/10. |
| C2 Legal | 6/9/09 | $506.95 | Same objection as above to Document Technologies, Inc., 12/13/10. |
| Integrated E Solutions | 6/11/09 | $64.98 | Same objection as above to Document Technologies, Inc., 12/13/10. |
| C2 Legal | 5/22/09 | $258.92 | Same objection as above to Document Technologies, Inc., 12/13/10. |
| Equivalent Data | 7/21/08 | $647.17 | Same objection as above to Document Technologies, Inc., 12/13/10. |
| Loop Legal Copy & Imaging | 10/5/08 | $386.15 | Same objection as above to Document Technologies, Inc., 12/13/10. |
| C2 Legal | 11/24/08 | $469.12 | Same objection as above to Document Technologies, Inc., 12/13/10. |
| C2 Legal | 11/18/08 | $418.56 | Same objection as above to Document Technologies, Inc., 12/13/10. |
| C2 Legal | 11/18/08 | $420.17 | Same objection as above to Document Technologies, Inc., 12/13/10. |
| C2 Legal | 11/24/08 | $137.28 | Same objection as above to Document Technologies, Inc., 12/13/10. |
| C2 Legal | 12/3/08 | $43.70 | Same objection as above to Document Technologies, Inc., 12/13/10. |
| C2 Legal | 12/2/08 | $264.85 | Same objection as above to Document Technologies, Inc., 12/13/10. |
| Loop Legal Copy & Imaging | 10/5/08 | $386.15 | Same objection as above to Document Technologies, Inc., 12/13/10. |

| C2 Legal | 12/19/08 | $37.90 | Same objection as above to Document Technologies, Inc., 12/13/10. |
| C2 Legal | 11/24/08 | $137.28 | Same objection as above to Document Technologies, Inc., 12/13/10. |
| C2 Legal | 11/18/08 | $418.56 | Same objection as above to Document Technologies, Inc., 12/13/10. |
| C2 Legal | 11/18/08 | $402.08 | Same objection as above to Document Technologies, Inc., 12/13/10. |
| C2 Legal | 2/10/09 | $42.10 | Same objection as above to Document Technologies, Inc., 12/13/10. |
| C2 Legal | 2/9/09 | $53.98 | Same objection as above to Document Technologies, Inc., 12/13/10. |
| In Demand Document Services | 2/20/09 | $37.11 | Same objection as above to Document Technologies, Inc., 12/13/10. |
| C2 Legal | 3/31/09 | $385.50 | Same objection as above to Document Technologies, Inc., 12/13/10. |
| C2 Legal | 3/31/09 | $841.70 | Same objection as above to Document Technologies, Inc., 12/13/10. |
| Loop Legal Copy & Imaging | 3/17/09 | $637.34 | Same objection as above to Document Technologies, Inc., 12/13/10. |
| In Demand | 3/20/09 | $54.52 | Same objection as above to Document Technologies, Inc., 12/13/10. |
| In Demand | 5/1/09 | $33.32 | Same objection as above to Document Technologies, Inc., 12/13/10. |
| In Demand | 5/11/09 | $56.85 | Same objection as above to Document Technologies, Inc., 12/13/10. |
| BlueStar | 12/31/10 | $41.92 | Same objection as above to Document Technologies, Inc., 12/13/10. |
| BlueStar | 12/31/10 | $273.64 | Same objection as above to Document Technologies, Inc., 12/13/10. |

| | | | |
|---|---|---|---|
| Internal Copying | | $13,662.90 | Same objection as above to Document Technologies, Inc., 12/13/10. In addition, Plaintiffs' internal copying fees of $0.19 per copy are not reasonable. Further, Plaintiffs apparently made a total of 71,910 copies, which is not reasonable. |
| **Total:** | | **$29,369.86** | **Amount objected to: $29,369.86** |
| **7. Docket fees under 28 U.S.C. 1923** | | | |
| None | | | Not applicable. |
| **8. Costs as shown on Mandate of Court of Appeals** | | | |
| None | | | Not applicable. |
| **9. Compensation of court-appointed experts** | | | |
| None | | | Not applicable. |
| **10. Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828** | | | |
| None | | | Not applicable. |
| **11. Other costs** | | | |
| Chicago Messenger | 6/26/09 | $89.52 | Messenger services are not recoverable taxable costs under 28 U.S.C. § 1920. |
| Chicago Messenger | 5/15/09 | $7.45 | Messenger services are not recoverable taxable costs under 28 U.S.C. § 1920. |
| Chicago Messenger | 10/20/08 | $7.45 | Messenger services are not recoverable taxable costs under 28 U.S.C. § 1920. |
| Chicago Messenger | 11/2/08 | $7.45 | Messenger services are not recoverable taxable costs under 28 U.S.C. § 1920. |

| | | | |
|---|---|---|---|
| DMACC Newton Conference Center (conference room rental for deposition) | 8/31/09 | $77.04 | A room rental for a deposition is not a recoverable taxable cost under 28 U.S.C. § 1920. |
| DMACC Newton Conference Center (conference room rental for deposition) | 6/30/09 | $38.52 | A room rental for a deposition is not a recoverable taxable cost under 28 U.S.C. § 1920. |
| PACER | 7/1/09-3/31/10 | $827.36 | PACER fees for legal research in the Federal court system are not recoverable taxable costs. In addition, these costs are not recoverable because Plaintiffs' documentation is too vague and fails to identify the content of the research and downloads, which makes it impossible to evaluate whether the PACER research and downloads were necessarily obtained for use in the case. *See* Leftwich v. Harris-Stowe State Coll., 702 F.2d 686, 695 (8th Cir. 1983) ("Computer-aided research, like any other form of research, is a component of attorneys' fees and cannot be independently taxes as an item of cost...."). |
| Postage cost for mailing 2,468 Notices to class members | 8/19/10 | $1,510.18 | Postage is not a recoverable taxable cost under 28 U.S.C. § 1920. *See Sun Media Systems, Inc. v. KDSM, LLC*, 587 F.Supp.2d 1059, 1064 (S.D. Iowa 2008) ("[M]uch authority provides that expenses for items such as facsimiles, express mail and postage are not permitted under § 1920."). |
| Conference Room for deposition of Teed at Marriott O'Hare | 1/12/10 | $509.70 | A room rental for a deposition is not a recoverable taxable cost under 28 U.S.C. § 1920. |
| **Total:** | | **$3,074.67** | **Amount objected to: $3,074.67.** |
| | | | |
| **GRAND TOTAL** | | **$60,012.67** | **Total amount objected to: $42,494.02** |

In summary, Plaintiffs claim a total of $60,012.67 in taxable costs. Defendants object to

$42,494.02 of this amount. Defendants do not object to $17,518.65 of Plaintiffs' claim.

**WHEREFORE**, Defendants respectfully request their objections be granted, and that the allowed amount of Plaintiffs' recoverable costs be no more than $17,518.65.

Respectfully submitted,

s/Robert A. Seltzer
Robert A. Seltzer
CORNFIELD AND FELDMAN
25 East Washington Street
Suite 1400
Chicago, Illinois 60602-1803
Telephone: 312-236-7800
FAX: 312-236-6686
Email: rseltzer@cornfieldandfeldman.com

Barry A. Macey
MACEY SWANSON AND ALLMAN
445 N. Pennsylvania Street
Suite 401
Indianapolis, Indiana 46204
Telephone: 317-637-2345
FAX: 317-637-2369
Email: bmacey@maceylaw.com

Mark T. Hedberg
HEDBERG LAW FIRM, P.C.
100 Court Avenue, Suite 425
Des Moines, Iowa 50309
Telephone: 515-288-4148
FAX: 515-288-4149
Email: mthedberg@uswest.net

***Attorneys for Defendants International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America and United Automobile Workers, Local 997***

## CERTIFICATE OF SERVICE

      The undersigned attorney hereby certifies that on August 22, 2011, he caused the foregoing document to be filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

      **Becky S. Knutson**
      **Gene R La Suer**
      **Deborah M. Tharnish**
      DAVIS, BROWN, KOEHN, SHORS & ROBERTS, P.C.
      215 10th Street
      Suite 1300
      Des Moines, IA 50309
      beckyknutson@davisbrownlaw.com
      genelasuer@davisbrownlaw.com
      deborahtharnish@davisbrownlaw.com

      **Douglas A. Darch**
      **Miriam Geraghty**
      **Joseph W. LaFramboise**
      **Meagan C. LeGear**
      **Karen Sewell**
      BAKER & MCKENZIE LLP
      One Prudential Plaza
      130 E. Randolph Drive, Suite 3500
      Chicago, IL 60601
      Douglas.Darch@bakermckenzie.com
      Miriam.Geraghty@bakermckenzie.com
      Joseph.LaFramboise@bakermckenzie.com
      Meagan.LeGear@bakermckenzie.com
      Karen.Sewell@bakermckenzie.com

      /s/ Robert A. Seltzer
      Robert A. Seltzer