IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| MAYTAG CORPORATION, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. 08-cv-00291 |
| v. | ) | |
| | ) | |
| INTERNATIONAL UNION, UNITED AUTOMOBILE, WORKERS OF AMERICA, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## REPLY IN SUPPORT OF PLAINTIFFS' BILL OF COSTS

NOW COME Plaintiffs, Maytag Corporation and Whirlpool Corporation (herein referred to collectively as the "Company" or the "Plaintiffs"), through their counsel, submit the following Reply In Support of Plaintiffs' Bill of Costs.[1] Plaintiffs' response to Defendants' objections to Plaintiffs' Bill of Costs are listed below:

**Response To Defendants' Objections To Part 3 – Fees For Printed Or Electronically Recorded Transcripts Necessarily Obtained For Use In The Case:**

Defendants object to the costs incurred for the deposition transcripts for Greg Christy, Steve Haas, Adam Miller, and Larry Cose. Specifically, Defendants argue that these deposition transcripts were not necessarily obtained for use in this case because these four (4) individuals did not testify at trial and the deposition transcripts were not used at trial. "Transcript fees . . . are not objectionable merely because the underlying deposition is not used at trial. The question is whether the particular deposition was reasonably necessary to the case, not whether it was

---

[1] Plaintiffs recognize that the local rules do not expressly state that a reply may be filed in support of a Bill of Costs. Therefore, Plaintiffs have limited their reply. Plaintiffs' failure to respond to each of Defendants' objections does not mean that Plaintiffs concede that Defendants' objections are correct.

actually employed in court." *Soler v. McHenry*, 771 F. Supp. 252, 255-56 (N.D. Ill. 1991) (affirming deposition transcript costs where "all of the depositions involved potential trial witnesses") *aff'd sub nom. Soler v. Waite*, 989 F.2d 251 (7th Cir. 1993); *see also Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006) ("[E]ven if a deposition is not introduced at trial, a district court has discretion to award costs if the deposition was 'necessarily obtained for use in [a] case' and was not 'purely investigative.'" (citation omitted)). Therefore, as described in more detail below, these costs should be awarded to the Company.

Greg Christy Transcripts (total cost: $676.22):

Greg Christy was the editor of the Local Union's Newsletter, the Hotline, and authored the article that was introduced as Plaintiffs' Trial Exhibit 3 (the June 23, 2004 Hotline). When Defendants UAW and Local 997 produced documents, they included in their document production a statement disavowing the authenticity of the documents they produced. *See, e.g., Defendant UAW Local 997's Objections and Responses to Plaintiffs' First Set of Requests For Documents, paragraph 2 of the Preliminary Statement* (dated March 23, 2009) ("...neither the identification of, nor the production of, documents or things shall be construed as an admission by Defendant…as to the authenticity of such documents and things, or as to the admissibility of such documents"), attached as Exhibit A. Therefore, Mr. Christy's deposition was reasonably necessary as he needed to authenticate Plaintiffs' Trial Exhibit 3. In addition, Mr. Christy was the Local 997 Representative President, and a member of the Local 997 Communications Subcommittee. Mr. Christy also participated in the plant closing negotiations between the Union and the Company.

Mr. Christy was listed on the parties' Order of Final Pretrial Conference as a witness Plaintiffs "may" call to testify. It was anticipated that Mr. Christy would testify about his duties

and responsibilities as a Local 997 Area Representative and member of the Local 997 Communications Subcommittee. It was also anticipated that Mr. Christy would testify about various modifications to active and retiree health insurance benefits negotiated between Maytag, the Union, and the communications, SPDs and Plan documents he received relating to his benefits. Plaintiffs later determined that Mr. Christy's testimony was no longer necessary at trial.

Steve Haas / Adam Miller Transcripts (total cost: $1,172.61):

It was reasonably necessary to depose Steve Haas as he was a former Senior Actuarial Consultant at the UAW who reviewed and analyzed pension reports and benefit costs and values for local union officers, directors, and staff.

Mr. Haas was listed on the parties' Order of Final Pretrial Conference as a witness Plaintiffs "may" call to testify. It was anticipated that Mr. Haas would testify about his duties and responsibilities as a UAW Senior Actuarial Consultant, as well as his assistance and involvement in various collective bargaining negotiations between Maytag and the Union. Plaintiffs later determined that Mr. Haas' testimony was no longer necessary at trial.

It was reasonably necessary to depose Adam Miller as he is a Benefits Consultant for the UAW and participated in meetings with Maytag and Local 997 during the 2004 negotiations.

Mr. Miller was listed on the parties' Order of Final Pretrial Conference as a witness Plaintiffs "may" call to testify. It was anticipated that Mr. Miller would testify about his duties and responsibilities as a UAW Benefits Consultant, as well as his assistance and involvement in various collective bargaining negotiations between Maytag and the Union. Plaintiffs later determined that Mr. Miller's testimony was no longer necessary at trial.

In addition, as of note, the UAW called Richard Alpert as a witness at trial, a former Senior Healthcare Consultant for the UAW. Therefore, it would be disingenuous for the UAW to argue that deposing two additional UAW benefit consultants was unreasonable given Mr. Haas' and Mr. Miller's relevant knowledge.

Cose Transcript (total cost: $1,914.30):

It was reasonably necessary to depose Larry Cose as he is the Labor Liaison at Blue Cross Blue Shield and could testify about the effect of various modifications to retiree health insurance benefits negotiated between the Company and the Union.

Mr. Cose was listed on the parties' Order of Final Pretrial Conference as a witness Plaintiffs "may" call to testify. Plaintiffs later determined that Mr. Cose's testimony was no longer necessary at trial.

"Real Time" Court Transcript (total costs $1,172.61)

Defendants object to the costs for the "Real Time" Court transcript. Specifically, Defendants argue that either the "Real Time" Court transcript was not a recoverable cost, or the final trial transcript dated 1/2/11 for $4,044.65 should be offset by the $1,822.00 cost of the rough draft.

Based on the complexity of the matter, and the numerous days of trial, it was reasonably necessary for Plaintiffs to obtain daily "real time" court transcripts to prepare for the next day of trial. *See e.g., Burton v. R.J. Reynolds Tobacco Co.*, 395 F. Supp. 2d 1065, 1079 (D. Kan. 2005) ("This case was sufficiently lengthy, complex, and contentious that the court is persuaded that the cost of a daily transcript was reasonably necessary to plaintiff's trial preparation. Accordingly, the court will allow this cost.").

WHEREFORE, Plaintiffs respectfully request that the Court award Plaintiffs' all costs incurred in this matter, as outlined in their Bill of Costs.

        Respectfully submitted,

        /s/ Douglas A. Darch
        Douglas Darch
        Miriam Geraghty
        Meagan LeGear
        Baker & McKenzie LLP
        130 E. Randolph Drive
        Chicago, IL 60601
        Telephone: (312) 861-8933
        Facsimile: (312) 698-2965
        E-mail: douglas.darch@bakernet.com

        Gene R. La Suer
        Deborah Tharnish
        Davis, Brown, Koehn, Shors & Roberts, P.C.
        The Davis Brown Tower
        Des Moines, Iowa 50309-3993
        E-mail: GeneLaSuer@davisbrownlaw.com

## CERTIFICATE OF SERVICE

     The undersigned attorney hereby certifies that on August 31, 2011, he caused the foregoing to be filed. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties below not indicated on the electronic filing receipt will be served via electronic mail or U.S. Mail. Parties may access this filing through the Court's filing system.

Mark T. Hedberg
HEDBERG & BOULTON P.C.
100 Court Avenue, Suite 425
DES MOINES, IA  50309
515 288 4148
515 288 4149 (fax)
mthedberg@uswest.net

Barry A. Macey
Macey Swanson and Allman
445 N. Pennsylvania Street,
Suite 401
Indianapolis, Indiana  46204
(317) 637-2345
bmacey@maceylaw.com

Robert A. Seltzer
CORNFIELD AND FELDMAN
25 E. Washington Street
Suite 1400
Chicago, IL  60602-1803
312 236 7800
312 236 6686 (fax)
rseltzer@cornfieldandfeldman.com

                                             /s/ Douglas A. Darch
                                               Douglas A. Darch