**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | | |
|---|---|---|
| **MAYTAG CORPORATION, a subsidiary** | ) | |
| **of WHIRLPOOL CORPORATION, and** | ) | |
| **WHIRLPOOL CORPORATION** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | Case No. 08-cv-00291-JEG-RAW |
| | ) | |
| **INTERNATIONAL UNION, UNITED** | ) | |
| **AUTOMOBILE, AEROSPACE, AND** | ) | |
| **AGRICULTURAL IMPLEMENT** | ) | |
| **WORKERS OF AMERICA, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT UAW LOCAL 997'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**


Defendant United Automobile Workers Local 997 ("Defendant" or "Local 997") hereby

submits to Plaintiffs Maytag Corporation and Whirlpool Corporation ("Plaintiffs") its objections and

responses to Plaintiffs' First Set of Requests for Production to Defendant UAW Local 997.


**PRELIMINARY STATEMENT**


1.      Defendant's investigation and development of all facts and circumstances relating to

this action is ongoing.  These objections and responses are made without prejudice to, and are not

a waiver of, Defendant's right to rely on other facts or documents in dispositive motions or at trial.

2.      By making the accompanying objections and responses to Plaintiffs' requests for

documents, Defendant does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in other proceedings, on any and all grounds, including, but not limited to, authenticity, competency, relevance, materiality, and privilege.  Further, Defendant makes the responses and objections herein without in any way implying that it considers the requests, and responses to the requests, to be relevant or material to the subject matter of this action.  In addition, neither the identification of, nor the production of, documents or things shall be construed as an admission by Defendant as to the accuracy of the information contained in such documents, as to the authenticity of such documents and things, or as to the admissibility of such documents.

3.      Defendant will produce responsive documents only to the extent that such documents are in the possession, custody, or control of Defendant, as set forth in the Federal Rules of Civil Procedure.  Defendant's possession, custody, or control does not include any constructive possession that may be conferred by Defendant's right or power to compel the production of documents or information from third parties.

4.      A response to a document request stating objections and/or indicating that documents have been or will be produced shall not be deemed or construed that there are, in fact, responsive documents, that Defendant performed any of the acts described in the document request, or definitions and/or instructions applicable to the document request, or that Defendant acquiesces in the characterization of the conduct or activities contained in the document request, or definitions and/or instructions applicable to the document request.

5.      These responses are based on Defendant's best information, known, available and located at this time.  Furthermore, these responses were prepared based on Defendant's good faith

- 2 -

interpretation and understanding of Plaintiffs' document requests and are subject to correction for inadvertent errors or omissions, if any. Defendant expressly reserves the right to supplement, clarify, revise, or correct any or all of the objections and responses herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

6.      Publicly available documents including, but not limited to court filings in this case and in *Ginter v. Whirlpool Corp.*, No. 08-cv-750, currently pending in the United States District Court for the Western District of Michigan ("*Ginter*"), will not be produced.

7.      Defendant requests that prior to filing any motion concerning its responses, Plaintiffs' counsel contact Defendant's counsel in advance in an effort to informally resolve any discovery disputes.

## GENERAL OBJECTIONS

These general objections are incorporated into the specific responses set forth below.

1.      Defendant objects to each document request, definition, and instruction to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Defendant objects to all the requests to the extent they seek discovery of information protected by the attorney-client privilege, the trial preparation protection and/or the work product doctrine. Defendant does not intend to disclose any information or produce any documents protected by the attorney-client privilege, the trial preparation protection and/or the work product doctrine. In addition, under the common interest and joint or allied defense doctrines, the attorney-client

privilege, the trial preparation protection and the work product doctrine apply to communications between and among the attorneys for UAW and UAW Local No. 997 (collectively, the "Union") and the attorneys for the plaintiffs in the *Ginter* case, as well as communications between the Union's attorneys and the *Ginter* plaintiffs, and the *Ginter* plaintiffs' attorneys and the Union.   Any inadvertent disclosure of such information or production of such documents shall not be deemed a waiver of the attorney-client privilege, the trial preparation protection and/or the work product doctrine.

3.      Defendant objects to each request to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4.      Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, and/or unduly burdensome.

5.      Defendant objects to these requests because, and to the extent that, they seek "all" or "any" responsive information in view of the fact that discovery has not yet been completed in this action.

6.      Defendant objects to each document request, instruction, and definition as overly broad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Plaintiffs from Plaintiffs' own files, from documents or information in Plaintiffs' possession, or from documents or information Plaintiffs previously produced to Defendant. Responding to such requests would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests is substantially the same or less for Plaintiffs as for Defendant.   This objection encompasses, but is not limited to, employee benefits documents

provided by Plaintiffs to Defendant, correspondence between Plaintiffs and Defendant, and documents previously produced or provided by Plaintiffs to Defendant in this case.

7.    Defendant objects that the term "Health & Welfare Benefits Plan," as defined in Definition No. 5, and the term "health & welfare benefits," which are both used throughout the documents requests, are overly broad and unduly burdensome, and seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent they refer to "any plan, fund, or program" not "established or maintained by" one or both of the Plaintiffs with respect to the Newton Retirees or Newton employees, or to non-medical, -surgical, -hospital care, -prescription drug, -dental and -vision benefits that are not the subject of this lawsuit, such as "benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services," as well as the following benefits listed in 29 U.S.C. § 186(c): "...pensions on retirement or death of employees, compensation for injuries or illness resulting from occupational activity or insurance to provide any of the foregoing, or unemployment benefits or life insurance, disability and sickness insurance, or accident insurance." Defendant states that it will interpret the terms "Health & Welfare Benefits Plan" and "health & welfare benefits" to refer only to medical, surgical, hospital care, prescription drug, dental and vision benefits provided by a plan, fund, or program established or maintained by one or both of the Plaintiffs with respect to the Newton Retirees or Newton employees.

8.    Defendant objects to Instruction Nos. 1-3 on the grounds that they pertain to interrogatories, rather than document requests.

- 5 -

9.       Defendant objects to Instruction No. 5 on the grounds that it is unduly burdensome and is not required by Federal Rules of Civil Procedure.

10.      Defendant incorporates by reference every general objection set forth above into each specific response set forth below.  A specific response may repeat a general objection for emphasis or some other reason.  The failure to include any general objection in any specific response does not waive any general objection to that request.

## SPECIFIC OBJECTIONS AND RESPONSES

Subject to and without waiving any of the above general objections, Local 997 submits the specific objections and responses set forth below.

As an initial general response to the requests below, Local 997 states that the *Ginter* plaintiffs' attorneys sent a computer disc to both Plaintiffs' attorneys and Local 997's attorneys in this case containing electronic copies of documents that the *Ginter* plaintiffs' attorneys obtained from Local 997.  The originals of these documents, which consist mainly of collective bargaining agreements, Supplemental Agreements, and collective bargaining files, are located in the Local 997 Union Hall in Newton, Iowa.   To avoid duplication, Local 997 states that the documents on the computer disc sent by the *Ginter* plaintiffs' attorneys to Plaintiffs' attorneys are hereby adopted as part of Local 997's document production to Plaintiffs.

Please note that the copies of documents from Local 997 on the computer disc sent by the *Ginter* plaintiffs' attorneys are Bates-numbered L997 000001-017789, and that they were produced as they were kept by Local 997 in the usual course of business.   Collective bargaining agreements

are located at L997 000802-003082; Supplemental Agreements are located at L997 003083-003984;

collective bargaining materials are located at L997 000001-000801, and 003984-017789; and a

pension dispute matter is located in the collective bargaining materials at L997 004820-004954.

In addition, please note that the documents from Local 997 that Local 997's attorneys sent

directly to Plaintiffs' attorneys are Bates-numbered LOCAL 00001-001712.

1.      All **documents** that refer, relate to or evidence **Newton Retiree** retiree health and
welfare benefits and/or any issue in the Complaint, including, but not limited to:

**Response:**      Local 997 objects to this request, including the subsections below, on the

grounds that it is vague, ambiguous, overly broad, unduly burdensome, seeks information that is

neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks

discovery of information protected by the attorney-client privilege, the trial preparation protection

and/or the work product doctrine. In addition, Defendant objects to this request as overly broad and

unduly burdensome to the extent it seeks documents or information that are readily or more

accessible to Plaintiffs from Plaintiffs' own files, from documents or information in Plaintiffs'

possession, or from documents or information Plaintiffs previously produced to Defendant. Subject

to and without waiving any objections, Local 997 states that it has produced or will produce non-

privileged documents responsive to this request. See responses in subsections below for additional

information.

a.      All **documents** entitled, "Beyond Your Paycheck" bearing a date after 1977;

**Response:**      Subject to and without waiving any objections, Local 997 states that it has

produced documents responsive to this request. See LOCAL 00001-00089.

b.      All Summary Plan Descriptions for **Health & Welfare Benefit Plan** bearing a date after 1977;

**Response:**      Subject to and without waiving any objections, Local 997 states that it has produced documents responsive to this request.  See LOCAL 00001-00488.

c.      All Benefits Certificates, Maytag Corporation Employee Welfare Benefit Plans, or other **Health & Welfare Benefit Plan documents** issued since 1971;

**Response:**      Subject to and without waiving any objections, Local 997 states that it has produced documents responsive to this request.  See LOCAL 00001-00550; Local 997 005005-005048, 008175-008177, 014206-014211, 014218-014234.

d.      All Insurance Agreements or Supplemental Insurance Agreements negotiated since 1954;

**Response:**      Subject to and without waiving any objections, Local 997 states that it has produced the following Supplemental Agreements (which contain Insurance Agreements): 1961, 1967, 1971, 1974, 1977, 1980, 1983, 1986, 1989, 1995, and 2004.  See L997 003083-003983C.

e.      All Hourly Retirement Benefits Summaries executed by any **Newton Retiree** still living or who has a surviving spouse;

**Response:**      Local 997 states that it has no documents responsive to this request.

f.      All drafts of collective bargaining agreements, Summary Plan Descriptions, Supplemental Insurance Agreements, hourly retiree benefits summaries, and **Health & Welfare Benefit Plan documents** relating to **Newton Retirees**;

**Response:**      Local 997 objects to this request on the grounds that it is ambiguous: we cannot determine whether "drafts" is used in the sense of "copies" or "preliminary versions" of a

- 8 -

document.  Subject to and without waiving any objections, Local 997 states that it has produced what appear to be final versions of Summary Plan Descriptions, Supplemental Insurance Agreements and Health & Welfare Benefit Plan documents relating to Newton Retirees (see 1(b)-(d) above).

Local 997 further states that it has produced final versions of the following collective bargaining agreements between the Union and Maytag: 1951 (Plant No. 1), 1951 (Plant No. 2), 1952, 1953, 1954, 1955, 1956, 1958, 1961, 1964, 1967, 1971, 1974, 1977, 1980, 1983, 1986, 1989, 1992, 1995, 2001, and 2004.  See L997 000802-003082.

Local 997 further states that it has produced drafts, in the sense of preliminary versions of a final document, of Summary Plan Descriptions and Benefits Certificates.  See LOCAL 00253-00488; L997 005005-005048.

Local 997 further states that drafts, in the sense of preliminary versions of a final document, of collective bargaining agreements and Supplemental Insurance Agreements, are contained in the collective bargaining materials at L997 000001-000801, 003984-017789.

g.   All grievances filed by or on behalf of the **Newton Retirees**, or other **documents** reflecting complaints or disputes, regarding retiree health & welfare benefits and related **documents**, including settlement **documents** and grievance logs, since 1955;

**Response:**   Local 997 objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving any objections, Local 997 states that it has no grievance documents responsive to this request.

h.    All **documents** related to collective bargaining history related to grievance procedure at the Newton plants, and **documents** indicating the scope of grievance clause in the collective bargaining agreements and related **documents**, since 1954;

**Response:**    Local 997 objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objections, Local 997 states that the collective bargaining agreements are responsive to this request (see 1(f) above). Local 997 further states that there are references to the grievance procedure in some documents contained in the collective bargaining materials at LOCAL 00551-00793; L997 000001-000801, 003984-017789.

i.    All **documents** related to arbitrations regarding retiree health & welfare benefits, including but not limited to settlement **documents**, since 1954;

**Response:**    Local 997 states that it has no documents responsive to this request.

j.    All **documents** reflecting or relating to any cost containment methods or measures regarding retiree health & welfare benefits, including, but not limited to, second opinions and preadmission approvals, that UAW Local 997 proposed, reviewed, or considered, from 1951 to the present;

**Response:**    Local 997 objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objections, Local 997 states that it has produced documents responsive to this request. See L997 004481-004482, 014464.

- 10 -

k.     All contract settlement highlights memoranda, regardless of name, sent to **Newton Retirees**;

**Response:**     Subject to and without waiving any objections, Local 997 states that it has produced copies of contract settlement "highlights" documents found in its files.  See LOCAL 00551-00631; L997 004204-004220, 005397-005406, 005408-005456, 005581-005590, 005600-005608, 006023-006040, 006049-006067, 007040-007049, 007650-7659, 007743-007752, 007773-007782, 007831-007840, 007845-007854, 012429-012466, 012491-012660, 013146-013155, 014081-014090, 014439-014448, 015297-015303, 015608-15632, 016375-01684. Local 997 further states that it does not have information that any of these documents were sent to Newton Retirees.

1.     All newsletters sent to **Newton Retirees**;

**Response:**     Local 997 objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and waiving any objections, Local 997 states that its files contain some back issues of Hotline, a newsletter it published, but it does not have information that copies of any of these documents were sent to Newton Retirees. Local 997 further states that upon Plaintiffs' request for copies of these documents, it will produce copies of them or make them available for review at its offices or its attorney's offices at a time convenient to the parties.

m.     All collective bargaining minutes related to **Newton Retiree** retiree health & welfare benefits;

**Response:**     Local 997 states that it has no documents responsive to this request.

n.    All collective bargaining proposals related to **Newton Retiree** retiree health
      & welfare benefits;

**Response:**    Subject to and without waiving any objections, Local 997 states that it has

produced documents responsive to this request, which are contained in the collective bargaining

materials at LOCAL 00551-00793; L997 000001-000801, 003984-017789.


o.    All **documents** related to Medicare Parts A and B bearing a date after 1969
      and Medicare Part D preparation since its inception, including all **documents**,
      communications, and collective bargaining proposals related to Medicare
      "carve-outs";

**Response:**    Local 997 objects to this request on the grounds that it is vague, ambiguous,

overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence.  Subject to and without waiving any

objections, Local 997 states that documents that may be responsive this request include some

Summary Plan Descriptions and other health plan documents that Local 997 has produced (see

responses to 1(b) & (c)  above), the Supplemental Agreements (see response to 1(d) above), and

some documents contained in the collective bargaining materials  at LOCAL 00551-00793; L997

000001-000801, 003984-017789.


p.    All letters, memoranda and other **documents**, communications, and or
      correspondence sent by UAW Local 997 to active members, retiree members,
      and retirees relating to retiree health & welfare benefits;

**Response:**    Local 997 objects to this request on the grounds that it is vague, ambiguous,

overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence.  Subject to and without waiving any

objections, Local 997 states that it does not have any documents that indicate on their face that they

- 12 -

were "sent by UAW Local 997 to active members, retiree members, and retirees relating to retiree health & welfare benefits."

    q.    UAW constitution and bylaws relating to the rights of retirees, including all letters of clarification or other **documents** that defines, summarizes, or interprets the UAW constitution and bylaws, in effect at any time from 1951 to the present;

**Response:**    Local 997 objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objections, Local 997 states that it has some UAW Constitutions in its files, but as UAW has produced UAW Constitutions from 1951 to the current constitution adopted in 2006 (see UAW 01091-03110), it will not duplicate the UAW's production of these documents. Local 997 further states that it is producing copies of Local 997 Bylaws. See LOCAL 00794-00835, 00856-00923.

    r.    All **documents** relating to dues checkoff forms for **Newton Retirees**;

**Response:**    Subject to and without waiving any objections, Local 997 states that it has no completed dues check-off forms responsive to this request. Local 997 further states that it will produce a blank retired employee's dues check-off form.

    s.    All other **documents** relating to **Newton Retiree** membership in UAW Local 997;

**Response:**    Subject to and without waiving any objections, Local 997 states that it has produced documents responsive to this request. See LOCAL 00924-001660.

t.      All UAW Local 997 membership rosters and mailing lists from 1951 to date;

**Response:**      Local 997 objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

u.      All sign-in lists from ratification meetings from 1967 to date;

**Response:**      Local 997 objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving any objections, Local 997 states that it has no sign-in lists from UAW Local 997 ratification meetings for collective bargaining agreements between the Union and  Maytag.

v.      All **documents** that refer to, evidence, relate to or otherwise indicate the ability of retirees to vote, and the exercise of that vote;

**Response:**      Local 997 objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving any objections, Local 997 states that the documents it has produced in response to 1(q) above may be responsive to this request.

w.      All **documents** that include language relating to efforts by UAW Local 997
        to negotiate on behalf of retirees;

**Response:**      Local 997 objects to this request on the grounds that it is vague, ambiguous,

overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence.  Subject to and without waiving any

objections, Local 997 states that the Supplemental Agreements may be responsive to this request (see

response to 1(d) above), as well as documents contained in the collective bargaining materials at

LOCAL 00551-00793; L997 000001-000801, 003984-017789.


x.      All letters, memoranda and any other correspondence and/or communication
        between **Defendants** UAW International and UAW Local 997 relating to
        **Newton Retiree** health & welfare benefits.

**Response:**      Local 997 objects to this request on the grounds that it is overly broad and

unduly burdensome, seeks information that is neither relevant nor reasonably calculated to lead to

the discovery of admissible evidence, and seeks information that  is protected by attorney-client

privilege, the trial preparation protection and/or the work product doctrine.  Subject to and waiving

any objections, Local 997 states that it has produced documents responsive to this request.  See

LOCAL 00837-00839, 00846-00847, as well as documents contained in the collective bargaining

materials at L997 000001-000801, 003984-017789.


2.      All **documents** that refer, relate to or evidence any claim that **Newton Retirees** are
entitled to vested lifetime health care and prescription drug benefits.

**Response:**      Defendant objects to this request because, and to the extent that, it seeks "all

documents" in view of the fact that discovery has not yet been completed in this action.  Subject to

and without waiving any objections, Local 997 states that the Insurance Agreements contained in the

Supplemental Agreements are responsive to this request (see 1(d) above).  In addition, Local 997

states that it has produced other documents responsive to this request.  See LOCAL 00836-00855;

L997 004484-004486, 004955-004956, 005597-005599, 005623-005625.  In addition, Local 997

states that Plaintiffs' Motion for Partial Summary Judgment or, In the Alternative, for a Preliminary

Injunction, and supporting documents, filed by the plaintiffs in the *Ginter* case, are responsive to this

request.


3.      All **documents** that refer, relate to or evidence any claim that **Plaintiffs** have
contractual obligations to provide "vested" lifetime health care benefits to **Newton Retirees** and
surviving spouses of retirees.

**Response:**      Defendant objects to this request because, and to the extent that, it seeks "all

documents" in view of the fact that discovery has not yet been completed in this action.  Subject to

and without waiving any objections, Local 997 states that the Insurance Agreements contained in the

Supplemental Agreements are responsive to this request (see 1(d) above).  In addition, Local 997

states that it has produced other documents responsive to this request.  See LOCAL 00836-00855;

L997 004484-004486, 004955-004956, 005597-005599, 005623-005625.  In addition, Local 997

states that Plaintiffs' Motion for Partial Summary Judgment or, In the Alternative, for a Preliminary

Injunction, and supporting documents, filed by the plaintiffs in the *Ginter* case, are responsive to this

request.

- 16 -

4.    All **documents** that refer, relate to or evidence any claim that **Plaintiffs'** modifications to the **Newton Retirees'** retiree health and welfare benefits breach the terms of the **Health & Welfare Benefits Plan[s]**.

**Response:**    Defendant objects to this request because, and to the extent that, it seeks "all documents" in view of the fact that discovery has not yet been completed in this action. Subject to and without waiving any objections, Local 997 states that the Insurance Agreements contained in the Supplemental Agreements are responsive to this request (see 1(d) above). In addition, Local 997 states that it has produced other documents responsive to this request. See LOCAL 00836-00855; L997 004484-004486, 004955-004956, 005597-005599, 005623-005625. In addition, Local 997 states that Plaintiffs' Motion for Partial Summary Judgment or, In the Alternative, for a Preliminary Injunction, and supporting documents, filed by the plaintiffs in the *Ginter* case, are responsive to this request.

5.    All **documents** that refer, relate to or evidence that **Plaintiffs** made modifications to the retiree health and welfare benefits of **Newton Retirees** prior to 2008.

**Response:**    Local 997 objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to this request because, and to the extent that, it seeks "all documents" in view of the fact that discovery has not yet been completed in this action. Moreover, Defendant objects to this request as overly broad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Plaintiffs from Plaintiffs' own files, from documents or information in Plaintiffs' possession, or from documents or information Plaintiffs previously produced to Defendant. Subject

- 17 -

to and without waiving any objections, Local 997 states that if "modifications" is meant to refer to

unilateral changes by Maytag to the benefits of current retirees, their spouses or dependents, similar

to the changes that Maytag instituted as of January 1, 2009, it has no documents responsive to this

request. Local 997 further states that if "modifications" is meant to refer to collectively bargaining

changes to provisions relating to retiree health benefits that were incorporated into the Insurance

Agreements, the Insurance Agreements contained in the Supplemental Agreements may be

responsive to this request (see 1(d) above), as well as some documents contained in the collective

bargaining materials at LOCAL 00551-00793 and L997 000001-000801, 003984-017789.


6.      All **documents** that identify **Newton Retirees**.

**Response:**      Local 997 objects to this request on the grounds that it is vague, ambiguous,

overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence.  Subject to and without waiving any

objections, Local 997 states that it has produced documents responsive to this request.  See LOCAL

00924-01307, 01548-01660.


7.      All **documents** that refer, relate to or evidence any releases or waivers of any claims
against **Plaintiffs,** or any of their subsidiaries, predecessors, successors, affiliates, directors, officers,
fiduciaries, insurers, employees and agents, by UAW Local 997 and/or members or officers of UAW
Local 997.

**Response:**      Local 997 objects to this request on the grounds that it is vague, ambiguous,

overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objections, Local 997 states that it has no documents responsive to this request.

8.      All **documents** and correspondence exchanged between or among UAW Local 997 and **Newton Retirees** relating to **Newton Retiree** retiree health & welfare benefits, the change or modification of those benefits, including **documents** and correspondence relating to any issue in the Complaint or any issue otherwise related to this litigation. (This request specifically includes computer hard drives and e-mails.)

**Response:**      Local 997 objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is protected by attorney-client privilege, the trial preparation protection and/or the work product doctrine. Subject to and without waiving any objections, Local 997 states that documents that may be responsive to this request include Supplemental Agreements and collective bargaining agreements (see 1(d) & (f) above). Local 997 further states that it will produce non-privileged documents responsive to this request.

9.      All witness statements, affidavits, and/or declarations collected in connection with this dispute over **Plaintiffs'** modifications to the retiree health and welfare benefits of **Newton Retirees**.

**Response:**      Local 997 objects to this request on the grounds that it seeks information that is protected by attorney-client privilege, the trial preparation protection and/or the work product doctrine. Subject to and without waiving any objections, Local 997 states that other than those

"witness statements, affidavits, and/or declarations" previously filed in this case or in the *Ginter*

case, Local 997 has no non-privileged documents responsive to this request.

      10.    All **documents** reviewed or relied upon by UAW Local 997 in answering **Plaintiffs'** first set of interrogatories.

    **Response:**    Local 997 objects to this request on the grounds that it is vague, ambiguous,

overly broad, unduly burdensome, seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence, and seeks information that is protected

by attorney-client privilege, the trial preparation protection and/or the work product doctrine.

Subject to and without waiving any objections, Local 997 states that it will respond to this request

after it has completed its answers to Plaintiffs' first set of interrogatories.

      11.    A list and description of all **documents** to which any attorney client or work product privilege or protection has been asserted in response to **Plaintiffs'** first set of document requests and first set of interrogatories to **Defendant** UAW Local 997.

    **Response:**    Subject to and without waiving any objections, Local 997 states that it will

provide a privilege log.

      12.    All **documents** memorializing any fee agreement, retention agreement, or agreement related to costs between UAW Local 997 and/or UAW Local 997's lawyers and each of the individual **Plaintiffs** and/or the individual **Plaintiffs'** lawyers in the matter of *Ginter, et al. v. Whirlpool Corporation, et al.*, No. 1:08-cv-750 (W.D. Mich.).

    **Response:** Local 997 objects to this request on the grounds that it seeks information that is

neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Local 997

- 20 -

further objects to this request on the grounds that it seeks information that is protected by attorney-client privilege, the trial preparation protection and/or the work product doctrine.

13.    All notes or other **documents** regarding the role, authority, or function of the Pension Board at the Newton facility, including **documents** reflecting meetings and business conducted by the Pension Board.

**Response:**    Local 997 objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objections, Local 997 states that it has produced documents responsive to this request. See LOCAL 01661-01703; Local 997 004820-004954.

14.    All **documents** related to the health and welfare benefits provided or which were not provided to Edris "Soap" Owens after his retirement.

**Response:**    Local 997 objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objections, Local 997 states that it has no documents responsive to this request.

15.    All **documents** related to the termination of health and welfare benefits upon the remarriage of a surviving spouse of a Newton Retiree.

**Response:**    Local 997 objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any

objections, Local 997 states that it has produced documents responsive to this request.  See LOCAL 01704-01712.

Respectfully submitted,

Robert A. Seltzer
CORNFIELD AND FELDMAN
25 East Washington Street, Suite 1400
Chicago, Illinois 60602-1803
Telephone: 312-236-7800
FAX: 312-236-6686
Email: rseltzer@cornfieldandfeldman.com

Mark T. Hedberg
HEDBERG LAW FIRM, P.C.
100 Court Avenue, Suite 425
Des Moines, IA 50309
Telephone: 515-288-4148
FAX: 515-288-4149
Email: mthedberg@uswest.net

*Attorneys for Defendant UAW Local 997*

### CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he caused the foregoing document to be served upon the following by depositing same in the U.S. mail, postage prepaid, on March 23, 2009:

> Douglas A. Darch
> Mark Casciari
> Christopher Rizzo
> Joshua N. Dalley
> SEYFARTH SHAW LLP
> 131 South Dearborn Street
> Suite 2400
> Chicago, IL 60603-5517

Robert A. Seltzer