UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| MAYTAG CORPORATION, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 4:08-CV-291 |
| | ) | |
| VS. | ) | |
| | ) | TAXATION OF COSTS |
| INTERNATIONAL UNION, UNITED | ) | |
| AUTOMOBILE, AEROSPACE, AND | ) | |
| AGRICULTURAL IMPLEMENT | ) | |
| WORKERS OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

IT IS ORDERED that costs are taxed in favor of Plaintiffs Maytag Corporation, et al, and against Defendants International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America, et al, in the amount of $28,444.82 as follows:

Fees of the Clerk                                                                              $285.50
(Both admission fees are disallowed for the reasons stated in the Resistance, p. 2; certified copies from the Eastern District of Michigan are allowed as necessary per the Exhibit and Witness List, ECF No. 218, Items 105-107, 117, 123-125; file retrieval costs from the Western District of Michigan are disallowed as normal overhead – obtaining research material – per notation at Bates No. 1-007, "need them to prepare for oral argument", just prior to May 6, 2010, hearing to certify class).

Fees for service of summons and subpoena                                      $      -0-
(All service fees are disallowed for the reasons stated in the Resistance, p. 2-6, and see Zdunek v. Washington Metropolitan Area Transit Authority, 100 F.R.D. 689 (D.D.C. 1983); Defendants did not object to the $75 fee for U.S. Federal Process Service (Bates No. 2-008), but they are a private service similar to the others so this fee was also disallowed).

Fees for transcripts necessarily obtained for use in the case            $19,028.45
(Depositions of Haas/Miller, Christy, and Cose are allowed for the reasons stated in the Reply, p. 2-4; Court Transcript (realtime/rough draft), Bates No. 3-019, is disallowed as being primarily for the convenience of counsel; Court Transcript (Trial), Bates No. 3-020, is allowed as reasonable due to the complexity of the case and its necessity in preparing the required post-trial brief; the cost of 'Petersen Court Reporters (Teed)', Bates No. 3-022, is disallowed as it is noted as a 2nd copy; all transcript costs are reduced by

ancillary costs of travel time, delivery, archiving, ETV Disk, condensed transcripts, mileage, and word indexes per <u>Smith v. Tenet Healthsys.SL, Inc.</u>, 436 F.3d 879 (8th Cir. 2006); <u>Southprint, Inc. V. H3, Inc.</u>, 2005 WL 3177627, at *3 (W.D. Va. Nov. 23, 2005).

Fees for witnesses                                                                                          $857.38
(Fees for Johnson and Shaver are not objected to and are allowed; fees for Krivoruchka are allowed as follows:

| | |
|---|---|
| $185.00 | per diem (83 lodging + 51 meals/expenses + 51 last day) see http://www.gsa.gov/portal/category/100120 |
| $ 22.68 | hotel taxes |
| $116.00 | transportation (there was no objection to this cost) |
| $397.70 | airfare listed includes Phoenix to Houston round trip, and does not include Phoenix to Des Moines fare; $397.70 is reasonable for a Phoenix/Des Moines round trip |
| <u>$ 40.00</u> | witness fee |
| $761.38 | TOTAL). |

Fees for copies necessarily obtained for use in the case                        $8,273.49
(Additional information was requested in this category (see ECF No. 248). It was provided via ECF No. 251 for 82 items, effectively revising the claim for copies from $29,369.86 to $21,916.21.  Copy costs for which additional information was not provided are disallowed as their necessity could not be determined, so taxation was based solely on the claims in ECF No. 251. Taxation of discovery-related documents (one copy) is allowed due to the document-heavy nature of the case, per <u>Little Rock Cardiology Clinic PA, et al, v. Baptist Health</u>, 591 F.3d 591 at *602 (8th Cir. 2009)(discussion that no abuse of discretion occurred in cases allowing, or in cases disallowing, discovery-related copying costs).  The 82 line items claimed are categorized for ease of reference, and are taxed as follows: (See attachment for specifics)
*<u>Allowed as Claimed</u>*
Item Nos. 5, 44, 48, 50, 53, 56, 59, 60, 61, 63, 64, 67, 69, 70, 71, 73, 75, 77, 78, 80, 81
These are mainly discovery items, allowed as noted above.

*<u>Allowed but Reduced - Service Copies of Filed Documents</u>*
Item Nos. 43, 46, 47, 49*, 51, 52, 55, 57, 58, 65, 68, 72, 74, 76, 79
The number of copies claimed for service copies of these documents did not match when compared with the documents referenced.  The Court and counsel were served electronically, so no copy charges are allowed for them.  (All are under 100 pages, so did not require that a hard copy be served on the Court).  The Certificates of Service noted 7 individuals who were apparently served hard copies of the referenced documents.  The above items were reviewed according to this formula, using Item No. 43 as an example:

```
 30      page length of ECF No. 99, Reply Brief
x 7     individuals served hard copies
 210     pages
x .19    cost per page
$39.90 Allowed Cost
```

The claimed cost for this item was $104.50, equaling 550 copies.  Since no explanation or justification was given for the difference, allowed costs for these items were reduced as noted on the Attachment.

* Item No. 49 references one discovery document and one filed document. The discovery document is allowed, but the filed document (ECF No. 103) appears to duplicate the cost claimed for Item No. 46, so the allowed cost for Item No. 49 was reduced.

*Disallowed or Allowed but Reduced per Ancillary Charges*
Item Nos. 1, 2, 6, 9, 11, 12, 13, 14, 18, 45, 62
Item No. 1 is disallowed, but the rest are allowed but reduced by ancillary charges of Bates labeling, technical time, tabs, binding, binders, image capture, branding, .pdf file conversion, CD, OCR, and tiff conversion per M.D. Mark, Inc. v. Kerr-McGee Corp., 2008 WL 162990 at *5 (D. Colo. Jan. 15, 2008); Durden v. Citicorp Trust Bank, FSB, 2010 WL 2105921 at *4 (M.D. Florida April 26, 2010).

*Disallowed - Convenience of Counsel*
Item Nos. 3, 15, 16, 19, 20, 21, 22, 23, 24, 25, 26, 27, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42
Claims for these items fell into three categories: creation of binders to organize documents produced in discovery, scanning and OCR of documents produced for an electronic document database, and scanning documents into electronic format onto master CD during discovery.  These steps amount to organizing and managing the documents, and while they surely made handling the materials easier, they were not essential to the case, so are deemed primarily for the convenience of counsel and are disallowed. (See M.D. Mark and Durden, *Ibid.*)

*Disallowed - Non-taxable*
Item Nos. 7, 8, 10, 54, 66, 82
Item Nos. 7 and 10 are for mailing the Notice to Class Members, but are disallowed per Resistance at p. 11; Item No. 8 appears to duplicate Item No. 6 as to copies of the referenced Appendix, and the bates labeling is not taxable; Item Nos. 54 and 66 are for 'internal copies', which are disallowed as normal office overhead; Item No. 82 is for service copies of Plaintiffs' Post-Trial Brief, but the Certificate of Service for this document lists only parties who would have been electronically served, making it appear no hard copies were necessary, so this cost is disallowed.)

3

Other costs                                                        $      -0-
(None of the costs claimed are taxable under 28 U.S.C. § 1920; Messenger
services and postage are disallowed per <u>Pinkham v. Camex, Inc.</u>, 84 F.3d 292
(D. Minn. 1996), <u>Hollenbeck v. Falstaff Brewing Corp.</u>, 605 F. Supp. 421,
439 (E.D. Mo. 1984); PACER fees are disallowed per <u>Leftwich v. Harris-</u>
<u>Stowe State College</u>, 702 F.2d 686 (8th Cir. 1983); Room rentals for
depositions do not properly fit in any category listed under § 1920).

                                                          $    28,444.82


Dated this 6th day of October, 2011.




                                    _____
                                    Marjorie E. Krahn, Clerk
                                    United States District Court